1 CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
2 ROGER W. BACKLAR, ESQ.; STATE BAR NO.: 225277
  CHRISTOPHER H. LAWLER, ESQ.; STATE BAR NO.: 231663

3 **THARPE & HOWELL, LLP**
  **15250 Ventura Boulevard, Ninth Floor**
4 **Sherman Oaks, California 91403**
  **(818) 205-9955; (818) 205-9944 fax**
5 E-mail: cmay@tharpe-howell.com
  E-Mail: rbacklar@tharpe-howell.com
6 E-Mail: clawler@tharpe-howell.com

7 Attorneys for Defendant,
    DOLLAR TREE STORES, INC.
8

9              UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

11

| | |
|---|---|
| 12  SILVANO CABRAL ESCOBEDO, | CASE NO.: |
| 13         Plaintiff, | *[Los Angeles Superior Court – Central District; Case No.:* 19STCV18326*]* |
| 14  vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)** |
| 15  DOLLAR TREE STORES, INC., and DOES 1 to 100, inclusive, | |
| 16         Defendants. | |

18

19    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332 and
20 1441(b), Defendant DOLLAR TREE STORES, INC. ("Defendant"),
21 contemporaneously with the filing of this notice, is affecting the removal of the below
22 referenced action from the Superior Court of the State of California for the County of
23 Los Angeles, to the United States District Court for the Central District of California.
24 The removal is based, specifically, on the following grounds:

25

26                **JURISDICTION AND VENUE ARE PROPER**

27    1.    This is a civil action over which this Court has original jurisdiction based
28 on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be

- 1 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

1. removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(d), 1391 and 1446.

### PLEADINGS, PROCESS AND ORDERS

3. On May 28, 2019, Plaintiff, SILVANO CABRAL ESCOBEDO, (hereinafter "Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *Silvan Cabral Escobedo v. Dollar Tree Stores, Inc. and Does 1 to 100, Inclusive,* Case No. 19STCV18326. A true and correct copy of Plaintiff's Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, First Amended General Order, Standing Order Re Personal Injury Procedures, First Amended Standing Order, Alternative Dispute Resolution Information Package, and Statement of Damages are collectively attached hereto and incorporated by reference herein as **Exhibit "A."**

4. On May 30, 2019, Plaintiff caused a copy of the Summons and Complaint to be personally served on the agent for service of process for Dollar Tree Stores, Inc.

5. On June 10, 2019, Defendant Dollar Tree Stores, Inc., filed its Answer to Plaintiff's Complaint and Demand for Jury Trial. A true and correct copy of Defendant's Answer and Demand for Jury Trial are collectively attached hereto as **Exhibit "B."**

6. The attached exhibits constitute all process, pleadings and orders served upon Defendant in this matter.

### DIVERSITY

**A. Citizenship**

7. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

the sum of $75,000, exclusive of interest and costs as Plaintiff claims to have sustained damages totaling over $75,000. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states.

8. Plaintiff, was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of California.

9. Defendant Dollar Tree Stores, Inc., is a corporation. For diversity purposes, a corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of Virginia, with its principal place of business in Virginia. Accordingly, Defendant is a citizen of the state of Virginia.

10. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant.

### B. Fictitious Does

11. Defendants DOES 1 to 100, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

### AMOUNT IN CONTROVERSY

12. Plaintiff's Complaint sets forth causes of action for premises liability and general negligence. *See* **Exhibit "A."** Plaintiff alleges that on May 29, 2017, he was a customer at one of Defendant's stores when he slipped and fell on a dirty floor suffering personal injuries. Pursuant to Plaintiff's Statement of Damages, he is seeking $2,091,447.37 in damages. *See* **Statement of Damages, Exhibit "A."**

13. Although Plaintiff was prohibited under California law from stating a specific amount demanded in her Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

14. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); see *McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance—not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

15. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. Stated another way, the defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. *McPhail v. Deere & Co.,* 529 F.3d 947, 954-55 (10th Cir. 2008). "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); see also *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See* Cal. Code Civ. Proc. § 425.10.

16. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages pursuant to California *Code of Civil Procedure* section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiff constituted "other paper").

17. On May 30, 2019, Plaintiff served Defendant with a Statement of Damages pursuant to *Code of Civil Procedure* section 425.11. Counsel for Defendant received this Statement of Damages by mail on or about May 30, 2019. A True and correct copy of Plaintiff's Statement of Damage is attached hereto as **Exhibit "A"**. The Statement of Damages establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum.

18. Plaintiff's Statement of Damages states that he is seeking $2,091,447.37 in damages. *See* State of Damages, **Exhibit "A."** Thus, the amount in controversy exceeds the $75,000.00 statutory minimum and federal jurisdiction is proper.

19. Plaintiffs' Statement of Damages **Exhibit "A"** constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal diversity jurisdiction is proper.

### TIMELINESS OF REMOVAL

20. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the "other paper," to wit, Plaintiff's Statement of Damages served on May 30, 2019, first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

21. Further, the instant removal is within one year of the commencement of

the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed his Complaint on May 28, 2019.

22. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated: June 26, 2019                                THARPE & HOWELL, LLP

By: */s/ Roger W. Backlar*
CHARLES D. MAY
ROGER W. BACKLAR
CHRISTOPHER H. LAWLER
Attorneys for Defendant,
DOLLAR TREE STORES. INC.

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT – WESTERN DISTRICT

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

   Gary Berkovich, Esq.                    Attorneys for Plaintiffs
   Law Offices of Gary Berkovich           SILVANO CABRAL ESCOBEDO
   14900 Ventura Blvd., Ste. 220
   Sherman Oaks, CA 91403
   (818)465-9505; (818) 358-2829 Fax

5. a. ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. **X** **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 7 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ___ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date)*: **See below**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 6/27/19 | Christine Delgado | *[signature]* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\30000-000\30799\Pleadings\FEDERAL\Ntc of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 8 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**