UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| SILVANO CABRAL ESCOBEDO,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR TREE STORES, INC., and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO.: CV 19-5594-GW-SKx<br>*[Los Angeles Superior Court Case No.:* 19STCV18326*]*<br><br>**REMAND ORDER**<br><br>[Assigned to Hon. George H. Wu] |

## **I. BACKGROUND**

On or about May 28, 2019, Plaintiff SILVANO CABRAL ESCOBEDO (hereinafter "Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein *entitled Silvano Cabral Escobedo v. Dollar Tree Stores, Inc., DOES 1 to 100, inclusive,* Case No. 19STCV18326. Plaintiff's complaint for negligence and premises liability arises from an alleged incident on May 29, 2017, at defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") store in Canoga Park, California.

On May 28, 2019, plaintiff served his Statement of Damages on Dollar Tree. Plaintiff's Statement of Damages stated that he sought more than $2,091,447.37 in combined special and general compensatory damages. Based on this "other paper,"

Dollar Tree determined that the amount in controversy exceeded the $75,000.00 statutory minimum. Accordingly, Dollar Tree removed the matter to federal court pursuant to 28 U.S.C. §§1332, 1441, and 1367, on June 27, 2019.

The parties have now agreed and stipulated to limit any and all recovery of damages by plaintiff SILVANO CABRAL ESCOBEDO to $74,999.00 or less, as evidenced by the Stipulation to Cap Plaintiff's Damages and Remand, executed by plaintiff SILVANO CABRAL ESCOBEDO and defendant DOLLAR TREE, by and through their attorneys of record. Accordingly, the parties request an order from this Court remanding the case to the Los Angeles County Superior Court, Case No. 19STCV18326.

## II. ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (Emphasis added). In light of the parties' stipulation limiting any and all recovery by Plaintiff to $74,999.99 or less, this Court lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

///
///
///
///
///
///
///

### III. CONCLUSION

Because the amount in controversy does not exceed $75,000.00, this Court lacks subject matter jurisdiction in the present case. Accordingly, the case is **REMANDED** to the Los Angeles County Superior Court, Case No. 19STCV18326.

**IT IS SO ORDERED.**

DATED: July 29, 2019

_____
HON. GEORGE H. WU,
U.S. DISTRICT JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**[PROPOSED] REMAND ORDER**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Gary Berkovich, Esq.<br>Law Offices of Gary Berkovich<br>14900 Ventura Blvd., Ste. 220<br>Sherman Oaks, CA 91403<br>(818)465-9505; (818) 358-2829 Fax | Attorneys for Plaintiffs<br>SILVANO CABRAL ESCOBEDO |
| Marc Eric Levine<br>The Levine Law Firm<br>5350 Topanga Canyon Blvd.<br>Woodland Hills, CA 91364<br>(818)881-6858; (818) 431-2087 Fax | Attorneys for Plaintiffs<br>SILVANO CABRAL ESCOBEDO |

5. a. ___ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. **X** **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

|   |   |   |
|---|---|---|
| c. | ___ | **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| d. | ___ | **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. |
| e. | ___ | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy. |
| f. | ___ | **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful. |

6. I served the documents by the means described in item 5 on *(date):* **See below**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 07/22/19 | Aly Byerly | /s/Aly Byerly |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\30000-000\30799\Pleadings\FEDERAL\PO re Stip to Remand.docx